UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEDRICK MATTHEWS (#383290)                CIVIL ACTION NO.

VERSUS                                     21-571-BAJ-EWD

TIM HOOPER, ET AL.

## ORDER

Before the Court are several motions filed by Petitioner Dedrick Matthews ("Matthews"), who is representing himself and who is confined at the Louisiana State Penitentiary in Angola, Louisiana.[1] All the motions relate to Matthews' pending Petition for Writ of Habeas Corpus (the "Petition").[2] Each motion is discussed below.

### I. MOTION TO PROCEED IN FORMA PAUPERIS[3]

The first motion, a deficient Application to Proceed *in Forma Pauperis*,[4] will be denied as moot because Matthews paid the filing fee after this motion was filed.[5]

### II. MOTION TO REQUEST STAY AND ABEYANCE[6]

Matthews appears to have filed the Petition "protectively" to ensure that the time limits of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") would not bar him from federal habeas review, as Matthews was concerned he would run out of time to file a federal habeas petition while exhausting state court remedies.[7] In support of filing a "protective" Petition, Matthews cites the fact that it took the trial court five months to provide him with a copy of its decision, which was necessary before he could appeal.[8]

---

[1] *See* R. Docs. 1, 2, 3, 5, 7, & 8.
[2] R. Doc. 1.
[3] R. Doc. 2.
[4] R. Doc. 2.
[5] R. Doc. entry on December 16, 2021.
[6] R. Doc. 3.
[7] *See* R. Doc. 3.
[8] R. Doc. 3.

In *Rhines v. Weber*,[9] the Supreme Court outlined the standard for granting or denying a stay.[10] This Court generally has broad discretion whether to stay proceedings "as an incident to its power to control its own docket."[11] However, a stay in a federal habeas proceeding is only available in limited circumstances because the issuance of a stay could undermine AEDPA's purposes of reducing delays, striving for finality in criminal cases, and encouraging exhaustion of all claims in state court before seeking federal habeas review.[12] A stay and abeyance is appropriate only when the district court determines that there was "good cause" for the failure to exhaust.[13]

Matthews has not established good cause for failure to exhaust before filing his Petition. The only reason Matthews gives for filing the Petition before exhausting all claims is that the trial court did not provide him with a copy of its ruling for five months, which allegedly delayed his direct appeal.[14] Pursuant to 28 U.S.C. § 2244(d), there is a one-year time period for prisoners in state custody to file federal habeas corpus claims. This time period begins to run on the date judgment becomes final through the conclusion of direct review or through the expiration of the time to seek direct review.[15] A properly filed application for state habeas relief or other collateral review tolls this time period.[16] After a petitioner has proceeded through all stages of direct appellate review in the state courts, the period of direct review also includes the petitioner's right to seek discretionary review before the United States Supreme Court. As a result, after a ruling by

---

[9] 544 U.S. 269 (2005).

[10] As the Petition stands, it appears to be a mixed petition, as some claims appear to have been fully exhausted through the direct appeals process, but Matthews has not completed exhaustion of his claims through post-conviction relief ("PCR"). *See* R. Doc. 1.

[11] *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citations omitted).

[12] *Rhines*, 544 U.S. at 276-277.

[13] *Id.* at 277; *see also Young v. Stephens*, 795 F.3d 484, 494-95 (5th Cir 2015) ("A stay and abeyance should be available only in limited circumstances because staying a federal habeas petition frustrates AEDPA's objective of encouraging finality.... and streamlining federal habeas proceedings."), citing and quoting *Rhines*, 544 U.S. at 277.

[14] R. Doc. 3.

[15] 28 U.S.C. § 2244(d)(1)(A).

[16] *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019), citing 28 U.S.C. § 2244(d)(2).

the state's highest court on direct appeal, a petitioner's judgment becomes final when the United States Supreme Court issues a decision denying discretionary review or, if no application for review is filed, at the conclusion of the ninety-day time period for seeking review at the Supreme Court.[17]

Matthews has not shown that any delay in perfecting a direct appeal affected the time he has to bring a federal habeas action because the time period under AEDPA does not start until the conviction becomes final when the time for direct review in the state court expires.[18] Because the trial court's delay in providing the judgment had no apparent effect on the amount of time Matthews had remaining to file his federal habeas petition, Matthews has failed to show good cause for filing his Petition before exhausting state court remedies.[19] Further, based upon the dates provided by Matthews, it appears that he would still have time to fully exhaust his remedies in state court and file a habeas petition before the AEDPA limitations period expires.[20] Thus, Matthews' request for stay and abeyance of this proceeding will be denied.[21]

---

[17] *Roberts v. Cockrell,* 319 F.3d 690, 693 (5th Cir. 2003).

[18] *See Roberts*, 319 F.3d at 694 (convictions become final when the time for seeking further *direct* review in the state court expires, and, when the conviction becomes final, the time limitations established by AEDPA begin to run). According to the Petition, Matthews was sentenced by the trial court on April 20, 2018. He appealed to the Louisiana First Circuit Court of Appeals, which affirmed his conviction on February 25, 2019. He sought further review from the Louisiana Supreme Court, which was denied on September 17, 2019, and he petitioned for certiorari in the United States Supreme Court, which petition was refused in March 2020. R. Doc. 1, pp. 2-3. Matthews then filed his PCR application, which was still pending as of the filing of his Petition with this Court.

[19] *Id.* Based on the documents currently before the Court, Matthews has not shown that his direct appeal was affected by the trial court's alleged delay in issuing a written judgment.

[20] Matthews indicates that he filed for a writ of certiorari with the United States Supreme Court, and that writ was denied in March 2020. He then filed an application for post-conviction relief ("PCR") approximately five (5) months later, on August 6, 2020. R. Doc. 1, pp. 3-4. Presuming Matthews' PCR application remained "properly" pending since he filed it, once his PCR proceedings are completed in state court, he should still have several months remaining in which to timely file his federal habeas petition. This is in no way a *guarantee* that Matthews will have time remaining to file, but based solely on the information provided by Matthews, it *appears* he will still have sufficient time. *See Reyer v. King*, No. 07-657, 2008 WL 625096, at *3 (S.D. Miss. March 5, 2008) (dismissing a petition for failure to exhaust, noting that the "limited circumstances" justifying stay and abeyance were not present because the petitioner "has ample time to return to state court, exhaust his claim, and file a habeas petition before the limitations period for the ... claim expires.").

[21] It appears Matthews' PCR proceedings remain pending. *See* R. Doc. 7-1, p. 5.

**III.    MOTIONS TO AMEND AND SUPPLEMENT**

Rule 11 of the Rules Governing Section 2254 Cases permits application of the Federal Rules of Civil Procedure in habeas cases "to the extent that [the civil rules] are not inconsistent with any statutory provisions or [the habeas] rules."[22] In addition, 28 U.S.C. § 2242 specifically provides that habeas applications "may be amended … as provided in the rules of procedure applicable to civil actions." Therefore, the Court may utilize the parameters of Fed. R. Civ. P. 15 when considering motions to amend a habeas petition.[23]

Federal Rule of Civil Procedure 15(a) provides the standard by which the Court must evaluate a motion to amend pleadings. In determining whether to grant leave, a court may consider several factors, including, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment…."[24] Leave to amend "shall be freely given when justice so requires."[25] Rule 15(a) provides a liberal amendment policy, and a motion to amend should not be denied absent a substantial reason to do so.[26] Because the state has not yet filed a response, no prejudice will result in allowing the amendments.[27] Further, considering the nature of a habeas petition, allowing amendment is

---

[22] *Mayle v. Felix*, 545 U.S. 644, 654 (2005), quoting Fed. Rule Civ. P. 1); *see also* Fed. Rule Civ. P. 81(a)(2) (The civil rules "are applicable to proceedings for … habeas corpus.").
[23] *Mayle*, 545 U.S. at 655.
[24] *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981), quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962).
[25] Fed. R. Civ. P. 15(a).
[26] *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998).
[27] Though one motion is titled a "Motion to Supplement Habeas Corpus Application/Petition" (R. Doc. 8), this appears to be another request to amend because the grounds for amendment existed at the time the Petition was filed. *Dean v. Ford Motor Credit Co.*, 885 F.2d 300, 302 (5th Cir. 1989), quoting 6 C. Wright & A. Miller, Federal Practice & Procedure, § 1504 at 540 (1971) ("[a]mended and supplemental pleadings differ in two respects. The *former relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading; the latter deal with events subsequent to the pleading to be altered* and merely represent additions to or continuations of the earlier pleading.").

consistent with promoting justice.[28]  Thus, the amendments will be allowed, so the state may respond to all claims at once.[29]

**IT IS ORDERED** that the deficient Motion to Proceed *in Forma Pauperis*[30] is **DENIED AS MOOT**, as Matthews has paid the filing fee.

**IT IS FURTHER ORDERED** that Petitioner's "Motion to Request Stay and Abeyance"[31] is **DENIED** as Matthews failed to establish good cause for the relief requested.

**IT IS FURTHER ORDERED** that the Motions to Amend[32] are **GRANTED**, and the Clerk of Court is directed to file R. Docs. 5, 7, & 8 as Petitioner Dedrick Matthews' First, Second, and Third Amended Petitions Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, respectively.

Signed in Baton Rouge, Louisiana, on June 1, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[28] *See Pierre v. Cain*, No. 15-5252, 2016 WL 1408581, at *2 (E.D. La. April 11, 2016) (allowing amendment where it would not prejudice the state). It should be noted that the claims raised in the amendment are not patently futile—Matthews raises claims such as sufficiency of the evidence, due process, and ineffective assistance of counsel. R. Docs. 5, 7, & 8.

[29] Matthews is advised that if his Petition, including amendments, is a "mixed" petition, *i.e.*, contains unexhausted and exhausted claims, the Petition may be subject to dismissal without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding that "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims"); *Zucker v. Lumpkin*, No. 21-509, 2022 WL 675809, at *3 (N.D. Tex. March 7, 2022) (when a mixed petition is presented, generally the entire petition must be dismissed without prejudice for failure to exhaust state court remedies, unless the petitioner can show that state remedies are inadequate or ineffective).

[30] R. Doc. 2.

[31] R. Doc. 3.

[32] R. Docs. 5, 7, & 8.