UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEDRICK MATTHEWS (#383290)　　　　　　　CIVIL ACTION NO.

VERSUS　　　　　　　　　　　　　　　　　21-571-BAJ-EWD

TIM HOOPER, ET AL.

## ORDER

Before the Court are three Motions, filed by Petitioner Dedrick Matthews ("Matthews"), who is representing himself and who is confined at the Louisiana State Penitentiary in Angola, Louisiana.[1] Each Motion be discussed in turn.

The first is a Motion to Withdraw Non-Exhausted Claims for Relief ("Motion to Withdraw"),[2] which, in effect, seeks to amend Matthews' pending Petition for Writ of Habeas Corpus, as amended,[3] by withdrawing the claim that the "trial judge deprived petitioner of prosecution on indictment by grand jury in violation of 5th & 14th Amend. Due Process."[4] Courts should freely give leave to amend when justice so requires.[5] While leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend."[6] In determining whether to grant leave, a court may consider several factors, including, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment…."[7] It does not appear that

---

[1] R. Docs. 21, 25, & 27.
[2] R. Doc. 21.
[3] R. Docs. 1, 10, 11, & 12.
[4] R. Doc. 21.  *See* R. Doc. 1, p. 21 (Ground Five).
[5] Federal Rule of Civil Procedure 15(a)(2).
[6] *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted).
[7] *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981), quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962).

Matthews seeks to delay these proceedings or is in bad faith in seeking to withdraw the unexhausted claim. Rather, it appears he recognizes that this federal court may, generally, only consider claims that have been fully exhausted in the state courts and that inclusion of an unexhausted claim could subject the entire Petition to dismissal.[8] Accordingly, it is appropriate to allow amendment to withdraw the claim Matthews alleges is unexhausted.[9]

Matthews' second motion, the "Petition for Writ of Assistance," has no merit.[10] The "Petition for Writ of Assistance" asks that this Court force the District Attorney to provide Matthews with a copy of the entire state court record.[11] It appears Matthews is under the impression that this Court previously ordered the Respondent to provide Matthews with a copy of the entire state court record, but this is incorrect. Matthews refers to R. Docs. 15 & 19, in which this Court, in pertinent part, ordered the District Attorney to file an electronic copy of the entire state court record *in this Court*, and directed the Clerk of this Court to transmit to Matthews a copy of the *docket sheet* in this case.[12] Although the Court did say that "Respondents Tim Hooper and/or Jeff Landry are also required to provide to Matthews copies of any documents they file in this matter,"[13] that was intended to refer to motions, briefs and other responsive pleadings that are required by the Federal Rule of Civil Procedure and/or the Local Civil Rules of this Court to be served on the opposing party. The state court record is not such a document. The state court record is almost 3,000 pages long.[14] If Matthews wants a copy of any document in the Court record, he

---

[8] *See Piller v. Ford*, 542 U.S. 225, 227 (2004) ("[F]ederal district courts must dismiss 'mixed' habeas corpus petitions—those containing both unexhausted and exhausted claims.").
[9] *Walker v. Vannoy*, No. 15-6809, 2016 WL 1705085, at *2 (E.D. La. April 28, 2016) (allowing amendment to withdraw unexhausted claims in a mixed petition); *Thomas v. Vannoy*, No. 20-298, 2022 WL 1632981, at *7-8 (E.D. La. May 24, 2022) (allowing amendment to withdraw unexhausted claims in a mixed petition).
[10] R. Doc. 25.
[11] R. Doc. 25.
[12] The docket sheet shows a listing of all documents that have been filed in this case and the dates of filing as of the date it is printed.
[13] R. Doc. 19, p. 4.
[14] R. Docs. 22 & 23.

may file an appropriate motion. Matthews is advised that this Court generally charges fifty (50) cents per page, due in advance, to provide copies of documents. Matthews' "Petition for Writ of Assistance" will be denied.

Finally, Matthews has filed an "Application for Bail Pending Habeas Corpus 28 U.S.C.A. Rule 49,"[15] which seeks release on his personal recognizance or on bail while his habeas application is pending.[16] As grounds for his release, he relies on his claim that the trial court exceeded its jurisdiction in proceeding to trial without a valid indictment.[17] As this Court explained in denying Matthews' previous request for bail, the U.S. Court of Appeals for the Fifth Circuit requires that a petitioner seeking release on bail pending a determination of his federal habeas petition (1) "raise[] substantial constitutional claims upon which he has a high probability of success," and (2) show that "extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective."[18] Matthews reurged request for bail fails, in part, for the same reason as his previous request—he has not presented any evidence to support his claim of extraordinary circumstances. Extraordinary circumstances exist, for example, where there has been a "serious deterioration of the petitioner's health while incarcerated;" where a short sentence for a relatively minor crime is "so near completion that extraordinary action is essential to make collateral review truly effective;" and possibly where there has been an "extraordinary delay in processing a habeas corpus petition."[19] As before, Matthews has not

---

[15] R. Doc. 27.
[16] R. Doc. 27.
[17] R. Doc. 27, pp. 1 & 4.
[18] *Nelson v. Davis*. 739 Fed. Appx. 254 (5th Cir. 2018), quoting *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974); *Watson v. Goodwin*, 709 Fed. Appx. 311 (5th Cir. 2018) (per curiam) (same); *Beasley v. Stephens*, 623 Fed. Appx. 192 (5th Cir. 2015) (same).
[19] *Davis*, 739 Fed. Appx. 254 quoting *Calley*, 496 F.2d at 702, n. 1.

presented any evidence to support his claims of extraordinary circumstances, and in this Motion, he has not even made an argument regarding extraordinary circumstances.[20]

Further, and without prejudging the merits of the habeas application, Matthews' ground for bail is that the "trial court exceeded its jurisdiction in proceeding with trial when no valid indictment had been filed."[21] He argues, first, that the court minutes do not reflect that the grand jury return and presentation of indictment by the grand jury was made in open court as required by state law, specifically La. Code Crim. P. art. 383.[22] Because this argument relates only to compliance with a state law on the return of the grand jury indictment, this claim is not appropriate for federal habeas corpus review,[23] such that Matthews has not shown a high probability of success regarding this claim to support granting bail while his habeas petition is under review.

To the extent Matthews alleges due process concerns are implicated by this claim, due process concerns arise when state court errors make the underlying proceedings fundamentally unfair.[24] With respect to indictments, the United States Supreme Court has held that an indictment is sufficient if it both informs the defendant of the accusation against him, so as to enable him to prepare his defense, and affords him protection against double jeopardy.[25] Though Matthews argues that the Indictment "did not charge him with the crime of vehicular homicide,"[26] he attaches the Indictment which states, with respect to the charges, "Count 1 Vehicular Homicide La. R.S. 14:32.1," and "Count 2 Vehicular Homicide La. R.S. 14:32.1."[27] Further, the Indictment states, with respect to each vehicular homicide count, that "the defendant killed [the victims] caused

---

[20] R. Docs. 19 & 27.
[21] R. Doc. 27, pp. 1 & 4. Matthews list this reason as grounds one and two for bail.
[22] R. Doc. 27, p. 1.
[23] *Lee v. Vannoy*, No. 19-12280, 2020 WL 3513743, at *11 (E.D. La. June 1, 2020), citing *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (federal habeas review does not lie for errors of state law).
[24] *Lee*, 2020 WL 3513743, at *11, citing *Neyland v. Blackburn*, 785 F.2d 1283, 1293 (5th Cir. 1986).
[25] *United States v. Debrow*, 346 U.S. 374 (1953); *United States v. Ramos*, 537 F.3d 439, 459 (5th Cir. 2008).
[26] R. Doc. 27, p. 4.
[27] R. Doc. 27, pp. 4 & 7.

proximately by his operation of a motor vehicle while he was under the influence of alcoholic beverages, and/or with a blood alcohol concentration of 0.08 percent or more."[28] Sufficiency of a state court bill of information or indictment will not be reviewed by a federal habeas court under § 2254, unless it can be shown that it is so defective that it deprives the convicting court of jurisdiction.[29] Again, without pre-determining the merits of the claim, the Indictment appears to sufficiently inform Matthews of the accusations against him such that Matthews has not shown the high probability of success necessary to support an award of bail. Additionally, this Court still does not have the benefit of Respondents' position regarding the grounds for relief Matthews asserts in his habeas petition.[30] Accordingly,

**IT IS ORDERED** that the Motion to Withdraw Non-Exhausted Claims for Relief,[31] filed by Petitioner Dedrick Matthews, is **GRANTED**. Ground Five in Matthews' Petition Under USC § 2254 for Writ of Habeas Corpus by a Person in State Custody,[32] which Matthews claims is unexhausted, is **WITHDRAWN**.

**IT IS FURTHER ORDERED** that the "Petition for Writ of Assistance,"[33] and "Application for Bail Pending Habeas Corpus 28 U.S.C.A. Rule 49,"[34] filed by Petitioner Dedrick Matthews, are **DENIED**.

Signed in Baton Rouge, Louisiana, on February 14, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[28] R. Doc. 27, p. 7.
[29] *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994).
[30] Respondents' response is due March 8, 2023. R. Doc. 28. Matthews is advised that his habeas application will be considered in due course. Filing motions that raise issues already addressed slows down the Court's ability to consider his habeas claims.
[31] R. Doc. 21.
[32] R. Doc. 1, p. 21.
[33] R. Doc. 25.
[34] R. Doc. 27.