UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DEDRICK MATTHEWS (#383290)**                    **CIVIL ACTION NO.**

**VERSUS**                                         **21-571-BAJ-EWD**

**TIM HOOPER, ET AL.**

## ORDER

Before the Court is a "Motion for Default Judgment/Summary Judgment" ("Motion"),[1] filed by the habeas petitioner, Dedrick Matthews ("Matthews"), who is representing himself and who is confined at the Louisiana State Penitentiary in Angola, Louisiana. The time for filing an opposition has not yet passed, but, because the relief sought in the Motion will be denied, additional briefing is not necessary.

Matthews seeks a default or summary judgment as to claim six of his habeas petition, though these are two motions have different procedural requirements.[2] Claim six is that "trial court was without jurisdiction to try and punish for a crime based on an invalid indictment."[3] Matthews argues that he has an "automatic right to relief" on claim six of his habeas petition because "the state has fail[ed] to dispute his factual allegations to claim six in his petition…thus, the state has essentially admitted that there's a fatal defect in the judicial record."[4] Matthews' request is essentially for a default judgment. Default judgment is not appropriate in a habeas case because a respondent's failure to contest a claim does not automatically entitle a petitioner to

---

[1] R. Doc. 39.
[2] *See* R. Doc. 39.
[3] R. Doc. 1-1, p. 20.
[4] R. Doc. 39, p. 2.

habeas corpus relief.[5]  To the extent Matthews seeks a default judgment as to claim six, that request is denied.

With respect to summary judgment, "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases."[6]  But Rule 56 "applies only to the extent that it does not conflict with the habeas rules."[7]  Further, though motions for summary judgment *may* be used in the habeas context, "their use may not be the most prudent way to address a habeas petition,"[8] and "such motions [are] redundant in light of the settled procedures for resolving the merits of habeas petition[s].  This is especially true where the motion essentially seeks the same relief as that sought in the underlying petition…."[9]  Regardless of whether summary judgment may ever be the preferred means of deciding a habeas case, it is not appropriate at this time in this case since Respondents have not yet answered claim six.  To that end, Matthews' request is premature.  However, because Respondents failed to respond to the merits of claim six,[10] they should now be given an opportunity to respond as this was likely an inadvertent error due to the significant number of times Matthews has amended or supplemented his Petition.[11]  The Court has shown Matthews great leniency in allowing him to amend, supplement, and withdraw claims.  Now, Respondent will be allowed to file a supplemental response, addressing the merits of claim six of the habeas petition.

---

[5] *See, e.g., Wiggins v. Procunier*, 753 F.2d 1318, 1321 (5th Cir. 1985), citing *United States ex rel. Mattox v. Scott*, 507 F.2d 919, 924 (7th Cir. 1974) (holding that default judgment is not an appropriate remedy for a state's failure to answer a habeas corpus petition)); *Lemons v. Collins*, 992 F.2d 326 (5th Cir. 1993) ("A habeas petitioner is not entitled to release because of the state's tardiness in responding to the petition."); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment.").
[6] *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000).
[7] *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).  *See* Rules Governing Section 2254 and Section 2255 Proceedings, Rule 12.
[8] *Ndudzi v. Castro*, No. 20-492, 2020 WL 3317107, at *10 (W.D. Tex. June 18, 2020).
[9] *Ziolkowski v. Director, TDCJ-CID*, No. 17-50, 2019 WL 4580425, at *1 (E.D. Tex. May 13, 2019).
[10] R. Doc. 35.
[11] *See* R. Docs. 5, 7, 8, 9, 10, 11, 12, 21, & 29.

Considering the many amendments to the habeas petition that have occurred, it may be helpful to the parties to note that the following claims are before the Court: (1) convictions based on insufficient evidence of a homicide in violation of the Fourteenth Amendment Due Process Clause;[12] (2) convictions based on insufficient evidence of serious bodily injury in violation of the Fourteenth Amendment Due Process Clause;[13] (3) convictions based on fruits of a warrantless blood test in violation of Fourteenth Amendment Due Process; (4) convictions based on ineffective counsel and trial level in violation of Sixth and Fourteenth Amendments; and (6) convictions based on indictment not filed in open court in violation of Fourteenth Amendment Due Process.[14] Respondents have only failed to respond to the merits of claim number six. Accordingly,

**IT IS ORDERED** that the Motion for Default Judgment/Summary Judgment,[15] filed by Petitioner Dedrick Matthews, is **DENIED** to the extent it seeks default judgment.

**IT IS FURTHER ORDERED** that, to the extent it seeks summary judgment, the Motion for Default Judgment/Summary Judgment[16] is **DENIED**, as premature and without prejudice to reurging after Respondents provide a substantive response to claim six.

**IT IS FURTHER ORDERED** that Respondents shall file a response to Petitioner's claim six by no later than **October 13, 2023**.

Signed in Baton Rouge, Louisiana, on September 22, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] R. Doc. 11, p. 8.
[13] R. Doc. 11, p. 10.
[14] R. Doc. 12. The Court has retained the original numbering of Petitioner's claims for ease of reference. Petitioner's ground five included convictions based on offenses not charged in the indictment in violation of the Fourteenth Amendment Due Process Clause, but this claim was withdrawn. *See* R. Docs. 11, p. 21; 21; & 29. Though these were presented through various amended petitions, all these claims were presented in the original petition as well. *See* R. Doc. 1.
[15] R. Doc. 39.
[16] R. Doc. 39.