UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEDRICK MATTHEWS                                   CIVIL ACTION

VERSUS

TIM HOOPER, ET AL.                                 NO. 21-00571-BAJ-EWD

RULING AND ORDER

Before the Court is Petitioner Dedrick Matthews' **Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody (Doc. 1)**, as amended multiple times. (*See* Docs. 10, 11, 12). The Petition and amendments are opposed. (Docs. 35, 42).

The Magistrate Judge has issued a **Report and Recommendation (Doc. 46, the "Report")**, recommending that the Petition be denied. In particular, the Report recommends that Petitioner's Claims 4 and 6 are unexhausted and procedurally defaulted, and that the rest of the claims do not have merit, and, further, that the Court deny Petitioner a certificate of appealability. Petitioner objects to the Report. (Doc. 48).

Petitioner objects to the Magistrate Judge's recommendation that the Court find Petitioner's Claims 4 and 6 unexhausted and procedurally defaulted. (*See* Doc. 48 at 2–3). The Court agrees that the Claims are unexhausted. Even if they were not, however, they would fail on the merits.

Claim 4 is for ineffective assistance of counsel for refusing to allow Petitioner to testify at his trial. Petitioner argues that had he testified, he would have

established that he refused the blood test administered following the car accident he caused that resulted in the deaths of two people and grave injury to two more. (*See* Doc. 11 at 37). But his consent to the test was not necessary, because the warrantless blood test was administered pursuant to the exigency exception[1] to the Fourth Amendment's warrant requirement. (*See* Doc. 35 at 25 (describing the Louisiana First Circuit Court of Appeal's decision on Petitioner's writ of appeal, in which the First Circuit found that the exigency exception applied in Petitioner's case)). More importantly, although the record shows that Petitioner did not testify during the suppression hearing or at trial, Petitioner has put forward no evidence that his counsel refused a request by Petitioner to testify. "[A] petitioner in a habeas proceeding cannot prevail on such a claim merely by stating to the habeas court that he told his trial attorney that he wished to testify and that his attorney forbade him from taking the witness stand." *See, e.g., Darby v. Vannoy*, No. CV 19-13900, 2020 WL 5468953, at *13 (E.D. La. Aug. 14, 2020), *report and recommendation adopted*, No. CV 19-13900, 2020 WL 5436571 (E.D. La. Sept. 10, 2020).

Under Claim 4, Petitioner also argues that the trial court failed to instruct the jury that they must find "that the defendant's blood alcohol concentration was a contributing factor" in the death of the two victims, and that his counsel's failure to object constituted ineffective assistance of counsel. (*See* Doc. 48 at 6). But Defendant relies on the jury instruction for the crime of Vehicular Homicide – Intoxicants Other Than Alcohol, which does include a contributing factor instruction. La. Crim. Jury

---

[1] "[T]he natural dissipation of alcohol from the bloodstream" may constitute an exigent circumstance on a case-by-case basis. *Birchfield v. N. Dakota*, 579 U.S. 438, 457 (2016).

2

Instructions and Procs. § 10:17. Instead, Defendant was convicted for the crime of Vehicular Homicide – Alcohol Intoxication, which only requires a judge to instruct that a defendant's operation of a vehicle while in "that condition was a direct [or proximate] cause of death." La. Crim. Jury Instructions and Procs. § 10:16 ("In adding drug intoxication, the Legislature specifically provided that such condition must be a contributing factor to the killing.") (quotations omitted, cleaned up). And the trial transcript reflects that the judge accurately stated the jury instruction. (*See* Doc. 22-20 at 45 (". . . and the Defendant's operation of that motor vehicle while in that condition was a direct or proximate cause of the death"), 46 (same)). Moreover, under either a contributing factor or direct cause instruction, it cannot be said that "no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C.A. § 2254(e)(2)(B); (*See* Doc. 46 at 10–16 (describing the wealth of evidence supporting Petitioner's conviction)). In other words, this argument of Petitioner's Claim 4 would fail on the merits even if it was not procedurally exhausted.

In Claim 6, Petitioner argues that the indictment charging him with multiple counts was invalid because the indictment was not presented in open court as required by Article 383 of the Louisiana Code of Criminal Procedure. The document itself does not state that it was or was not filed in open court. But this is beside the point: a failure to file in open court would not be a constitutional violation. Federal habeas corpus relief is not generally available for errors of state law. Instead, state law violations are cognizable on federal habeas corpus only if they render a trial

3

fundamentally unfair. *See, e.g., Peters v. Whitley*, 942 F.2d 937, 940 (5th Cir. 1991) (explaining that habeas review is proper only to determine whether a state trial court's error was so extreme as to render the trial fundamentally unfair or violate an explicit constitutional right).

Here, the alleged defect in the indictment does not rise to this level. The essence of an indictment is to inform a defendant of the criminal charges against him. *United States v. Devoll*, 39 F.3d 575, 578 (5th Cir. 1994). There is no dispute that Petitioner was charged by indictment with two counts of vehicular homicide and two counts of first degree vehicular negligent injuring. The alleged failure to follow a state procedural rule in the filing of the indictment does not mean that Petitioner was not on notice of the charges against him.

Petitioner also objects to the Report's finding that his convictions were based on insufficient evidence, the argument which forms the basis of Claims 1 and 2. Petitioner's objections here completely lack merit.

Finally, Petitioner objects that his conviction was based on the fruits of a warrantless blood test, citing *Birchfield v. N. Dakota*, 579 U.S. 438, 457 (2016), for the proposition that "the Fourth Amendment does not permit warrantless blood tests incident to arrests for drunk driving." (Doc. 48 at 13). But the exigent circumstances exception for obtaining a warrantless blood test survived *Birchfield. Birchfield*, 579 U.S. at 456–457. And it was this exception that the state court here found justified the warrantless blood test of Petitioner.

Upon de novo review of the Petition, amendments to the Petition, the State's

4

opposition, the state court record, Petitioner's objections, and related filings, the Court **APPROVES** the Magistrate Judge's Report and Recommendation and **ADOPTS** it as the Court's opinion in this matter.

Accordingly,

**IT IS ORDERED** that Petitioner's **Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody (Doc. 1)** be and is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the above-captioned action be and is hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that, in the event Petitioner pursues an appeal in this case, a certificate of appealability be and is hereby **DENIED** because reasonable jurists would not debate the denial of Petitioner's Petition or the correctness of the Court's substantive rulings.

Judgement shall be entered separately.

Baton Rouge, Louisiana, this 2nd day of October, 2024

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA